**BEFORE THE DISTRICT 7 GRIEVANCE COMMITTEE**
**EVIDENTIARY PANEL 7-1**
**STATE BAR OF TEXAS**

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER DISCIPLINE,** <br> **Petitioner** | § <br> § <br> § <br> § | |
| **v.** | § | **CASE NO. 202300582** |
| **ANNETTE R. LOYD,** <br> **Respondent** | § <br> § <br> § | |

## DEFAULT JUDGMENT OF DISBARMENT

### Parties and Appearance

On August 6, 2025, came to be heard the above-styled and numbered cause. Petitioner, Commission for Lawyer Discipline ("Petitioner"), appeared by and through its attorney of record and announced ready. Respondent, **ANNETTE R. LOYD** ("Respondent"), Texas Bar Number **16731100**, appeared.

### Jurisdiction and Venue

The Evidentiary Panel 7-1, having been duly appointed to hear this complaint by the chair of the Grievance Committee for State Bar of Texas District 7, finds that it has jurisdiction over the parties and the subject matter of this action and that venue is proper.

### Default

The Evidentiary Panel finds Respondent was properly served with the Evidentiary Petition and that Respondent failed to timely file a responsive pleading to the Evidentiary Petition as required by Rule 2.17(B) of the Texas Rules of Disciplinary Procedure. Accordingly, the Evidentiary Panel finds Respondent in default and further finds that all facts alleged in the Evidentiary Petition are deemed true pursuant to Rule 2.17(C) of the Texas Rules of Disciplinary Procedure.

## Professional Misconduct

The Evidentiary Panel, having deemed all facts as alleged in the Evidentiary Petition true, finds Respondent has committed Professional Misconduct as defined by Rule 1.06(CC) of the Texas Rules of Disciplinary Procedure.

## Findings of Fact

The Evidentiary Panel, having considered the allegations as deemed true, the pleadings, evidence and argument of counsel, makes the following findings of fact and conclusions of law:

1. Respondent is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.
2. At the time of the filing of the Evidentiary Petition, Respondent was actively suspended from the practice of law, but maintained a post office box in Tarrant County, Texas, where she previously maintained her principal place of practice, and where her principal place of practice was at the time of the misconduct.
3. Respondent was hired by Walid Elwaei ("Elwaei") in October 2019, for representation in a civil legal matter involving the sale of a home.
4. Elwaei paid Respondent $350 for the legal representation.
5. Respondent represented Elwaei regarding his interests in the home and/or his obligations to the home seller.
6. Respondent provided Elwaei with legal advice regarding the sale of the home.
7. Respondent also represented the buyer regarding the sales transaction.
8. The dual representation created a conflict of interest, and Respondent failed to explain to one or both clients the potential adverse consequences of the shared representation.
9. The buyer and seller later disputed the sales transaction.
10. Respondent served as counsel for the buyer and filed suit against Elwaei.
11. Respondent's representation of the buyer against Elwaei created a conflict of interest regarding subsequent litigation against a former client in the same underlying matter.
12. On February 16, 2023, notice and a copy of the complaint were sent to Respondent.
13. Reminder letters were sent to Respondent on March 24, 2023, and April 19, 2023, advising Respondent that the State Bar of Texas had yet to receive her written response to the complaint.
14. After being served with the complaint, Respondent failed to furnish to the Chief Disciplinary Counsel's office a response or other information as required by the Texas Rules of Disciplinary Procedure, and Respondent did not in good faith timely assert a privilege or other legal ground for failure to do so.
15. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney's fees and direct expenses associated with this Disciplinary Proceeding in the amount of $2,325.00.

## Conclusions of Law

The Evidentiary Panel concludes that, based on foregoing findings of fact, the following Texas Disciplinary Rules of Professional Conduct have been violated: 1.06(b)(2), 1.06(d), 1.09(a)(3) and 8.04(a)(8).

## Sanction

The Evidentiary Panel, having found Respondent has committed Professional Misconduct, heard and considered additional evidence regarding the appropriate sanction to be imposed against Respondent. After hearing all sanction evidence and argument, the Evidentiary Panel finds that the proper discipline of the Respondent for each act of Professional Misconduct is Disbarment.

## Disbarment

It is therefore ORDERED, ADJUDGED and DECREED that effective August 6, 2025, Respondent, ANNETTE R. LOYD, State Bar Number, 16731100, is hereby DISBARRED from the practice of law in the State of Texas.

It is further ORDERED Respondent is prohibited from practicing law in Texas, holding herself out as an attorney at law, performing any legal services for others, accepting any fee directly or indirectly for legal services, appearing as counsel or in any representative capacity in any proceeding in any Texas court or before any administrative body or holding herself out to others or using her name, in any manner, in conjunction with the words "attorney at law," "attorney," "counselor at law," or "lawyer."

## Notification

It is further ORDERED Respondent shall immediately notify each of her current clients in writing of this disbarment. In addition to such notification, Respondent is ORDERED to return any files, papers, unearned monies, and other property belonging to clients and former clients in

the Respondent's possession to the respective clients or former clients or to another attorney at the client's or former client's request.

Respondent is further ORDERED to file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), within thirty (30) days of the signing of this judgment by the Panel Chair, an affidavit stating that all current clients have been notified of Respondent's disbarment and that all files, papers, monies, and other property belonging to all clients and former clients have been returned as ordered herein. If it is Respondent's assertion that at the time of disbarment she possessed no current clients and/or Respondent was not in possession of any files, papers, monies, or other property belonging to clients, Respondent shall submit an affidavit attesting that, at the time of suspension, Respondent had no current clients and did not possess any files, papers, monies, and other property belonging to clients.

It is further ORDERED Respondent shall, on or before thirty (30) days from the signing of this judgment by the Panel Chair, notify in writing each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice of each and every court or tribunal in which Respondent has any matter pending, of the terms of this judgment; the style and cause number of the pending matter(s); and the name, address, and telephone number of the client(s) Respondent is representing.

Respondent is further ORDERED to file with the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), within thirty (30) days of the signing of this judgment by the Panel Chair, an affidavit stating that each and every justice of the peace, judge, magistrate, administrative judge or officer and chief justice has received written notice of the terms of this judgment. If it is Respondent's

assertion that at the time of suspension she was not currently listed as counsel or co-counsel in any matter pending before any justice of the peace, judge, magistrate, administrative judge or officer, or chief justice of any court or tribunal, Respondent shall submit an affidavit attesting to the absence of any such pending matter before any justice of the peace, judge, magistrate, administrative judge or officer, or chief justice.

**Surrender of License**

It is further ORDERED Respondent shall, within thirty (30) days of the signing of this judgment by the Panel Chair, surrender her law license and permanent State Bar Card to the State Bar of Texas, Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701), to be forwarded to the Supreme Court of the State of Texas.

**Attorney's Fees and Expenses**

It is further ORDERED Respondent shall pay all reasonable and necessary attorney's fees and direct expenses to the State Bar of Texas in the amount of $2,325.00. The payment shall be due and payable within one year of the date of the signed judgment and shall be made by certified or cashier's check or money order. Respondent shall forward the funds, made payable to the State Bar of Texas, to the Chief Disciplinary Counsel's Office, P.O. Box 12487, Austin, TX 78711-2487 (1414 Colorado St., Austin, TX 78701).

It is further ORDERED that all amounts ordered herein are due to the misconduct of Respondent and are assessed as a part of the sanction in accordance with Rule 1.06(FF) of the Texas Rules of Disciplinary Procedure. Any amount not paid shall accrue interest at the maximum legal rate per annum until paid and the State Bar of Texas shall have all writs and other post-judgment remedies against Respondent in order to collect all unpaid amounts.

## Publication

It is further ORDERED this disbarment shall be made a matter of record and appropriately published in accordance with the Texas Rules of Disciplinary Procedure.

## Conditions Precedent to Reinstatement

It is further ORDERED that payment of the foregoing attorney's fees and expenses shall be a condition precedent to any consideration of reinstatement from disbarment as provided by Rules 2.19, 2.20, and 11.02(D) of the Texas Rules of Disciplinary Procedure.

## Other Relief

All requested relief not expressly granted herein is expressly DENIED.

SIGNED this 15th day of August, 2025.

**EVIDENTIARY PANEL 7-1**
**DISTRICT NO. 7**
**STATE BAR OF TEXAS**

Antonio M. Allen

Antonio Allen
**District 7, Panel 7-1 Presiding Member**

**BEFORE THE DISTRICT 7 GRIEVANCE COMMITTEE**
**EVIDENTIARY PANEL 7-1**
**STATE BAR OF TEXAS**

| | | |
|---|---|---|
| **COMMISSION FOR LAWYER DISCIPLINE,** | § | |
| **Petitioner** | § | |
| | § | |
| **v.** | § | **CASE NO. 202300582** |
| | § | |
| **ANNETTE R. LOYD,** | § | |
| **Respondent** | § | |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On August 6, 2025, came to be heard the Commission for Lawyer Discipline's Motion for Default Judgment, in the above-entitled and numbered cause. After hearing the evidence submitted, the Evidentiary Panel is of the opinion that the Motion for Default Judgment should be, and is hereby:

______ **DENIED.**

__X__ **GRANTED** and **IT IS ACCORDINGLY ORDERED, ADJUDGED, AND DECREED** that the following findings of fact and conclusions of law are deemed as true:

1. Annette R. Loyd ("Respondent") is an attorney licensed to practice law in Texas and is a member of the State Bar of Texas.

2. Respondent was hired by Walid Elwaei ("Elwaei") in October 2019, for representation in a civil legal matter involving the sale of a home.

3. Respondent was paid $350 for the legal representation.

4. Respondent represented Elwaei regarding his interests in the home and/or his obligations to the home seller.

5. Respondent provided Elwaei with legal advice regarding the sale of the home.

6. Respondent also represented the buyer regarding the sales transaction.

7. The dual representation created a conflict of interest, and Respondent failed to explain to one or both clients the potential adverse consequences of the shared representation.

8. The buyer and seller later disputed the sales transaction.

9. Respondent served as counsel for the buyer and filed suit against Elwaei on June 6, 2022, in case number 153-333918-22, in Tarrant County, Texas.

10. Respondent's representation of the buyer against Elwaei created a conflict of interest regarding subsequent litigation against a former client in the same underlying matter.

11. On February 16, 2023, notice and copy of the complaint were sent to Respondent.

12. Reminder letters were sent to Respondent on March 24, 2023, and April 19, 2023, advising Respondent that the State Bar of Texas had yet to receive her written response to the complaint.

13. After being served with the complaint, Respondent failed to furnish to the Chief Disciplinary Counsel's office a response or other information as required by the Texas Rules of Disciplinary Procedure, and Respondent did not in good faith timely assert a privilege or other legal ground for failure to do so.

14. Respondent, by her conduct in connection with the grievance initiated by Elwaei, violated Rules 1.06(b)(2), 1.06(d), 1.09(a)(3), and 8.04(a)(8) of the Texas Disciplinary Rules of Professional Conduct.

15. The Chief Disciplinary Counsel of the State Bar of Texas has incurred reasonable attorney's fees and direct expenses associated with this Disciplinary Proceeding in the amount of $2,2325.00.

**SIGNED** this 15th day of August 2025.

Antonio M. Allen

Antonio Allen
**Evidentiary Panel Chair**